UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NILO NORIEGA-MILLAN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 4:11CV113 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motions under 28 U.S.C. §
2255 by a Person in Federal Custody, [Doc. No. 1 in each case], to Vacate, Set
Aside or Correct Sentence.  Pursuant to this Court's Order, the government has
responded to the motion to vacate.  For the reasons set forth below, the motion is
denied without hearing.

## Movant's Claims

Movant makes the following claims in his Motion:

**Ground One**: Department of Homeland Security and Immigration and Customs
Enforcement's failure to properly remove the Petitioner.

**Ground Two:** "The Petitioner having presented proper documentation as to place
of birth and citizenship, the government elected to remove the petitioner to a
country that had not formally accepted the petitioner by approving traveling

documents, an action that has subjected the Petitioner to cruel and unusual punishment by exposing the Petitioner to physical injury sustained in a foreign country by a capricious act on the part of the government.

**Ground Three:** Ineffective assistance of counsel.

## Facts and Background

Movant was indicted on one count of being illegally in the United States. Movant plead guilty, to this count on December 7, 2009.

A presentence investigation report was prepared, as ordered by the Court.

The Court held a sentencing hearing at which counsel raise the issue of Movant's removal to Mexico.  Petitioner stated that his deportation to Mexico was "terrible for [him] because his family was waiting for [him] in Peru, and that was not [his] fault because [he] was placed in a country that was not [his] country, and that is why [he] was where [he was]. . ."  Trial counsel asked the Court to include in the judgment that Movant is from Peru.  Movant admitted that removing him to Mexico did not make his return to the United States legal, but only facilitated and in a sense necessitated Movant's return to the United States.

Movant appealed.  Movant raised two appeal grounds: counsel was ineffective for failing to argue that the Government "improperly" removed him by deporting him to Mexico instead of to Peru.  Secondly, Movant argued that this

Court failed to adequately consider mitigating circumstances. The Appellate

Court affirmed Movant's conviction, declined to consider his ineffective

assistance of counsel claim and held that this Court committed no procedural

error.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a

sentence imposed against him on the ground that "the sentence was imposed in

violation of the Constitution or law of the United States, or that the court was

without jurisdiction to impose such sentence, or that the sentence was in excess of

the maximum authorized by law, or is otherwise subject to collateral attack." 28

U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural

default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a

§ 2255 motion if the issue could have been raised on direct appeal but was not."

*Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v.*

*United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even

constitutional or jurisdictional claims not raised on direct appeal cannot be raised

collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for

the default and actual prejudice or (2) actual innocence." *United States v. Moss*,

252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614,

622 (1998)).  Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'"  *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief."  *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255).  Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'"  *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)).  The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."  *Shaw*, 24 F.3d at 1043.

## Discussion

## Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal.

- 4 -

*United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009).  The burden of demonstrating ineffective assistance of counsel is on a defendant.  *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003).  To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed.  *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005).  The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*  Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*  The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an

objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005).  If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient.  *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996).  Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error.  *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.  When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions.  The prejudice prong, however, is different in the context of guilty pleas.  Instead of merely showing that the result would be different, the defendant who has pled guilty must

- 6 -

establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

As the Government correctly argues, Movant is procedurally barred from bringing the claims that there was improper removal, capricious improper removal and violating due process for improper removal. "Claims not made during the district court proceedings or on direct appeal are procedurally defaulted and may not be raised for the first time in a § 2255 motion." *United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010). A defendant who fails to claim in the district court or on direct appeal that his § 1326(a) conviction is defective because his prior deportation was "improper" cannot raise such a claim in a § 2255 petition. See *United States v. Aguilar-Ortiz*, 86 Fed.Appx. 390, *391, 2004 WL 103558, at **1 (10th Cir. Jan. 23, 2004).

**Ineffective Assistance of Counsel**

Movant challenges the effectiveness of counsel. Movant claims that counsel was ineffective for failing to challenge his previous removal. This ground is without merit in that the law focuses on removal **from** the United States, not to a specific place to which the Government removes the illegal alien. There is no ineffective assistance claim which requires counsel to make a frivolous argument.

See, 8 U.S.C. § 1326(a), which requires not that the Government remove an illegal alien to a specific country.

Moreover, Movant's claims regarding counsel's performance prior to, during and at sentencing are without merit. Movant advised the Court, in open court and under oath, that he was fully satisfied with the work his lawyer had done for him. When asked if there was anything he wanted his lawyer to do that he failed to do, Movant advised the Court in the negative. Likewise, when asked if there was anything at all that Movant wanted from his lawyer, Movant denied same. Movant's claims now that counsel failed is a crystal clear attempt to avoid the consequences of the crime to which Movant voluntarily entered a guilty plea.

Movant also argues that he is entitled to relief because the parties did not provide the Court with documents establishing that he is a Peruvian. The record again belies this argument. Both Movant and his attorney told the Court that Movant was Peruvian. However, as detailed above, citizenship is not relevant in a Section 1326(a) conviction. The only issue is whether Movant was in fact, removed from the United States, not whether he was removed **to** a particular country.

## Conclusion

Based upon the foregoing analysis, Movant's claims fail to afford him relief.

- 8 -

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue Certificates of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 24th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE